UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA, MIDDLE DIVISION

| | |
|---|---|
| BOBBY WOFFORD, | &#124; |
| Plaintiff, | &#124; |
| v. | &#124; Case No. 05-PWG-0304-M |
| FARMERS TELEPHONE COOPERATIVE, INC., BLUE CROSS AND BLUE SHIELD OF ALABAMA, | &#124; |
| Defendant. | &#124; |

## SECOND AMENDED COMPLAINT

COMES NOW the plaintiff, Bobby Wofford, and makes this Amended Complaint against defendants Farmers Telephone Cooperative, Inc. (the "Cooperative"), and Blue Cross and Blue Shield of Alabama, saying in support as follows:

1. Plaintiff adopts and incorporates the allegations of his original and amended Complaints as if the same were fully set out herein.

2. Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross Blue Shield") is an Alabama corporation with its principal place of business in Birmingham, Alabama.

3. Defendant Blue Cross Blue Shield provides "administrative services" and performs fiduciary duties under the applicable Health Benefits Plan.

4. Mr. Wofford was at various times and employee of and a member of the Board of Trustees of the defendant Cooperative.

5. Mr. Wofford served a total of sixteen (16) years as an employee and trustee with the defendant Cooperative.

6. As a trustee, Mr. Wofford was promised by the defendant Cooperative that he would be provided health insurance benefits or their equivalent for life.

7. Upon Mr. Wofford's retirement from the Board of Trustees, his benefits under the Plan vested.

8. In breach of its vested promise, its fiduciary duties, and the terms of the applicable Health Benefits Plan, the defendant Cooperative and defendant Blue Cross Blue Shield terminated Mr. Wofford's health benefits effective November 1, 2004.

9. The Health Benefits Plan is an ERISA plan governed by the Employee Retirement Income Security Act, the defendant Cooperative is its sponsor and administrator, and Mr. Wofford was an eligible participant in or beneficiary of that Plan.

10. The defendant Cooperative delegates certain fiduciary duties to defendant Blue Cross Blue Shield pursuant to the Plan.

## COUNT I: 29 U.S.C. § 1132(a)(1)(B) Claim

11. Mr. Wofford adopts the foregoing allegations as if the same were set out fully herein.

12. The defendant Cooperative and defendant Blue Cross Blue Shield failed to comply with the terms of the Plan in terminating Mr. Wofford's health benefits.

13. The defendant Cooperative and defendant Blue Cross Blue Shield, among other things, failed to comply with the 30-day notice period set out in the Plan.

14. In the alternative, the defendant Cooperative made material misrepresentations to Mr. Wofford regarding its compliance with and actions pursuant to the Plan.
15. Accordingly, the defendant Cooperative's actions in terminating Mr. Wofford's were *ultra vires* and void.

WHEREFORE, Mr. Wofford prays for a (1) judgment in his favor and against the defendant Cooperative and defendant Blue Cross Blue Shield, jointly and severally; (2) benefits due him under the Plan or the equivalent thereof; (3) compensatory damages in an amount to make Mr. Wofford whole; (3) punitive damages sufficient to punish and deter the defendants and to deter others similarly situated; (4) a declaration of his rights under the Plan, including but not limited to a declaration that the defendants' purported termination of his benefits is void and that Mr. Wofford is still a participant or beneficiary of the Plan; (5) an award of attorneys' fees pursuant to 29 U.S.C. 1132(g); and (6) such other and further relief as the Court finds appropriate.

## COUNT I: 29 U.S.C. § 1132(a)(2) Claim for Breach of Fiduciary Duty

16. Mr. Wofford adopts the foregoing allegations as if the same were set out fully herein.
17. The defendant Cooperative is the administrator of the Health Benefits Plan in effect when Mr. Wofford's coverage was terminated.
18. The defendant Blue Cross Blue Shield is a fiduciary with respect to the Plan.
19. The defendant Cooperative and defendant Blue Cross Blue Shield exercise discretion in the Plan's administration, interpretation, and management of the

Plan, for example, the defendants purported to terminate Mr. Wofford's health benefits.

20. As such, the defendants owed Mr. Wofford and other plan participants and beneficiaries fiduciary duties of prudence and loyalty.

21. The defendants breached those duties by, among other things, failing to comply with the Plan and arbitrarily and capriciously terminating Mr. Wofford's health benefits.

22. The defendants breach of their fiduciary duties proximately caused Mr. Wofford substantial harm and injury, including but not limited to termination of his health benefits.

WHEREFORE, Mr. Wofford prays for a (1) judgment in his favor and against the defendant Cooperative and defendant Blue Cross Blue Shield, jointly and severally; (2) benefits due him under the Plan or the equivalent thereof; (3) compensatory damages in an amount to make Mr. Wofford whole; (3) punitive damages sufficient to punish and deter the defendants and to deter others similarly situated; (4) a declaration of his rights under the Plan, including but not limited to a declaration that the defendants' purported termination of his benefits is void and that Mr. Wofford is still a participant or beneficiary of the Plan; (5) an award of attorneys' fees pursuant to 29 U.S.C. 1132(g); and (6) such other and further relief as the Court finds appropriate.

## COUNT III: 29 U.S.C. § 1132(a)(3) Claim

23. Mr. Wofford adopts the foregoing allegations as if the same were set out fully herein.

24. The defendant Cooperative breached its promise to Mr. Wofford.

25. The defendant Cooperative and defendant Blue Cross Blue Shield failed to comply with the terms of the Plan.

26. The defendant Cooperative and defendant Blue Cross Blue Shield breached their fiduciary duties by, among other things, failing to comply with the Plan and arbitrarily terminating Mr. Wofford's health benefits.

27. As a proximate result of these wrongful and culpable acts of the defendants, Mr. Wofford was injured and harmed.

WHEREFORE, Mr. Wofford prays for a (1) judgment in his favor and against the defendant Cooperative and defendant Blue Cross Blue Shield, jointly and severally; (2) benefits due him under the Plan or the equivalent thereof; (3) compensatory damages in an amount to make Mr. Wofford whole; (3) punitive damages sufficient to punish and deter the defendants and to deter others similarly situated; (4) a declaration of his rights under the Plan, including but not limited to a declaration that the defendants' purported termination of his benefits is void and that Mr. Wofford is still a participant or beneficiary of the Plan; (5) an award of attorneys' fees pursuant to 29 U.S.C. 1132(g); and (6) such other and further relief as the Court finds appropriate.

        Respectfully submitted,

        ____*/s Jared E. Mitchem*_____
        Jared E. Mitchem (ASB-7650-E55M)
        E. Allen Dodd, Jr. (ASB-9800-065E )
        SCRUGGS, DODD & DODD
        P.O. Box 681109
        Fort Payne, Alabama 35968-1109
        256-845-5932
        256-845-4325 (fax)
        scruggsdodd@bellsouth.net
        *Attorneys for Bobby Wofford*

*Original Complaint, Amended Complaint, Second Amended Complaint, and "Notice of Lawsuit and Request for Waiver of Service of Summons" sent to the following by certified mail on this 22nd day of July, 2005*:

**Blue Cross Blue Shield of Alabama**
**c/o its Registered Agent, A. GREY TILL, JR.**
**450 RIVERCHASE PARKWAY EAST**
**BIRMINGHAM, AL 35244**

____*/s Jared E. Mitchem*_____
Jared E. Mitchem (ASB-7650-E55M)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Brett Adair
    Terry Price
    Lehr, Middlebrooks, Price & Vreeland, P.C.
    P.O. Box 11945
    Birmingham, AL 35202-1945

and I hereby certify that I have faxed and mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Patrick H. Tate
    P.O. Box 680593
    Fort Payne, AL 35968-0593

                                                   __*/s Jared E. Mitchem*_____
                                                   Jared E. Mitchem (ASB-7650-E55M)
                                                   E. Allen Dodd, Jr. (ASB-9800-065E )
                                                 SCRUGGS, DODD & DODD
                                                 P.O. Box 681109
                                                 Fort Payne, Alabama 35968-1109
                                                 256-845-5932
                                                 256-845-4325 (fax)
                                                 scruggsdodd@bellsouth.net
                                                 *Attorneys for Bobby Wofford*